IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 08-cv-00135-REB-CBS

REBECCA G. HUTCHESON,

    Plaintiff,

v.

MOLLY K. CHILSON, individually, and in her official capacity as District Attorney within and for the Eleventh Judicial District of the State of Colorado, and
OFFICE OF THE DISTRICT ATTORNEY, 11TH JUDICIAL DISTRICT, STATE OF COLORADO,

    Defendants.

## ORDER RE: DEFENDANTS' MOTIONS TO DISMISS

**Blackburn, J.**

The matter before me is **Defendants' Motion To Dismiss Plaintiff's Amended Complaint** [#31], filed May 19, 2008. I grant the motion in part and deny it in part.

## I. JURISDICTION

I putatively have jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 (federal question) and 1367 (supplemental jurisdiction).

## II. STANDARD OF REVIEW

When ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), I must determine whether the allegations of the complaint are sufficient to state a claim within the meaning of Fed.R.Civ.P. 8(a). I must accept all well-pleaded allegations of the complaint as true. **McDonald v. Kinder-Morgan, Inc.**, 287 F.3d 992, 997 (10th Cir. 2002). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." **Fernandez-Montes v.**

*Allied Pilots Association*, 987 F.2d 278, 284 (5th Cir. 1993); *see also Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), *cert. denied*, 123 S.Ct. 1908 (2003). I review the complaint to determine whether it "'contains enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, – U.S. –, 127 S.Ct. 1955, 1969, 1974, 167 L.Ed.2d 929 (2007)). "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Id.* (emphases in original).[1]

### III. ANALYSIS

Plaintiff was formerly employed as a secretary for the Park County, Colorado, satellite office of the Colorado District Attorney's office in Fairplay, Colorado. During plaintiff's tenure there, her husband, who served as Fire Chief for the Hartsel Fire Protection District, was implicated by another Fire Department employee in an

---

[1] *Twombly* rejected and supplanted the "no set of facts" language of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The "plausibility" standard and its meaning recently were clarified in *Robbins v. Oklahoma*:

> "plausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

*Robbins*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 127 S.Ct. at 1974) (internal citation and footnote omitted).

embezzlement scheme.  Due to plaintiff's employment with the District Attorney's office, the investigation of those charges was transferred to the Colorado Bureau of Investigation (CBI).  Based on the CBI investigator's report, defendant Molly K. Chilson, the District Attorney, decided to file criminal charges against plaintiff's husband.[2]

Plaintiff alleges that Chilson subsequently called her into a meeting with the CBI investigator on February 21, 2007, and that the following conversation ensued:

> During the meeting, Mrs. Chilson questioned Mrs. Hutcheson about various aspects of the criminal investigation surrounding Chief Hutcheson and finally informed Mrs. Hutcheson: "We are going to file charges against Jay, can you live with that?"  Mrs. Hutcheson inquired:  "Is this going to be a special prosecution?"  When Mrs. Chilson did not answer, Mrs. Hutcheson continued: "When I come through the office door, I will be professional; when I go home I will be with my husband."  Mrs. Chilson then stated:  "That won't work."  Mrs. Hutcheson asked Mrs. Chilson:  "So what you're telling me is that I was hired and fired on February 22?"  Mrs. Chilson responded:  "Yes."

(**Amended Complaint** ¶ 19 at 5 [#27], filed May 5, 2008.)  Subsequently, plaintiff was terminated.  This lawsuit ensued.

As an initial matter, it is abundantly clear that the Office the District Attorney and Chilson in her official capacity enjoy Eleventh Amendment immunity from plaintiff's federal claims.  ***See Rozek v. Topolnicki***, 865 F.2d 1154, 1158 (10th Cir. 1989) (District Attorney's office entitled to immunity from suit under section 1983); ***see also Ramirez v. Oklahoma Department of Mental Health***, 41 F.3d 584, 588-89 (10th Cir. 1994) (noting that Eleventh Amendment immunity extends to state officials sued for damages

---

[2] At the time criminal charges were filed against plaintiff's husband, the District Attorney's office also filed a motion for appointment of a special prosecutor, which motion was granted.  The charges were dismissed ultimately on motion of the special prosecutor for insufficient evidence.

in their official capacity), *overruled on other grounds by Ellis v. University of Kansas*, 163 F.3d 1186, 1194-97 (10th Cir. 1998). Despite plaintiff's valiant efforts to demonstrate why *Rozek* was wrongly decided, I am bound by that precedent until the en banc Tenth Circuit or the United States Supreme Court determines otherwise. Therefore, the federal claims against these parties must be dismissed.

Defendant asserts also that Chilson is entitled to qualified immunity with respect to plaintiff's claims against her in her individual capacity. A government official is immune from civil liability under section 1983 unless her actions violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); *see also Herring v. Keenan*, 218 F.3d 1171, 1175 (10th Cir. 2000), *cert. denied*, 122 S.Ct. 96 (2001). To surmount this immunity, plaintiff must establish both that Chilson violated her rights under federal law and that such rights were clearly established at the time of the violation. *Greene v. Barrett*, 174 F.3d 1136, 1142 (10th Cir. 1999).

Plaintiff alleges first that Chilson interfered with her right of familial association, which comes within the ambit of the Fourteenth Amendment right of substantive due process. *See J.B. v. Washington County*, 127 F.3d 919, 927 (10th Cir. 1997); *Hill v. Martinez*, 87 F.Supp.2d 1115, 1118 (D. Colo. 2000). To maintain this claim, plaintiff must allege facts that plausibly suggest that Chilson specifically intended to interfere with her relationship with her husband. *Trujillo v. Board of County Commissioners of the County of Santa Fe*, 768 F.2d 1186, 1190 (10th Cir.1985); *Hill*, 87 F.Supp.2d at

4

1119. "Such intent is shown by establishing that the defendant . . . directed [her] challenged conduct or statement at the intimate relationship with knowledge that the statements or conduct will adversely affect that relationship." *Hill*, 87 F.Supp.2d at 1119 (citations and internal quotation marks omitted).

In her Amended Complaint, plaintiff makes the following relevant allegations:

> 19. During the meeting [on February 21, 2007, between plaintiff, Chilson, and the CBI investigator], Mrs. Chilson questioned Mrs. Hutcheson about various aspects of the criminal investigation surrounding Chief Hutcheson and finally informed Mrs. Hutcheson: "We are going to file charges against Jay, can you live with that?" Mrs. Hutcheson inquired: "Is this going to be a special prosecution?" When Mrs. Chilson did not answer, Mrs. Hutcheson continued: "When I come through the office door, I will be professional; when I go home I will be with my husband." Mrs. Chilson then stated: "That won't work." Mrs. Hutcheson asked Mrs. Chilson: "So what you're telling me is that I was hired and fired on February 22?" Mrs. Chilson responded: "Yes."
>
> . . . .
>
> 22. Mrs. Chilson terminated Mrs. Hutcheson's employment only because of her association with Chief Hutcheson and because Mrs. Hutcheson indicated she would help her husband in the defense of the criminal case that Mrs. Chilson indicated would be filed against Chief Hutcheson.
>
> 23. Mrs. Chilson would not have terminated Mrs. Hutcheson's employment if she had renounced any support for Chief Hutcheson.
>
> 24. Mrs. Chilson sought Mrs. Hutcheson's allegiance to the detriment of her relationship with her husband.
>
> . . . .
>
> 30. Mrs. Chilson intended to interfere with the familial relationship between Mrs. Hutcheson and Chief Hutcheson in violation of her liberty interests guaranteed to her by the
5

> substantive due process clause of the Fourteenth
> Amendment to the United States Constitution.
>
> 31. Mrs. Chilson directed her statements and her conduct at
> Mrs. Hutcheson's relationship with her husband with
> knowledge that her statements and conduct were designed
> to adversely affect that relationship.

(**Amended Complaint** ¶¶ 19, 22-24, 30-31, at 5-6, 7 [#27], filed May 5, 2008.) I find these allegations sufficient to state a plausible claim for intentional interference with plaintiff's Fourteenth Amendment right to familial association. The alleged statements clearly were directed to plaintiff's relationship with her husband. What is more, it is reasonable to infer from these allegations that by putting plaintiff to the stark choice between support of her marital relationship and her job, Chilson intended to damage the familial relationship.[3]

I also am unwilling to find at this juncture that plaintiff's constitutional rights in this regard were not clearly established at the time she was fired. Although Chilson argues that she is entitled to qualified immunity because "[h]ad [she] researched freedom of association cases at the time of Plaintiff's termination, [she] would not have known whether she was violating a Constitutional right," the qualified immunity analysis does not require that such fact-specific precedents exist before government officials may be held liable for constitutional harms:

> To defeat a claim of qualified immunity, plaintiffs need not
> point to a prior holding that the specific conduct at issue is
> unlawful; rather, the unlawfulness of the alleged action must
> have been apparent. Moreover, it is incumbent upon
> government officials to make reasonable applications of the

---

[3] Although defendants complain that plaintiff's allegations regarding Chilson's intent are merely conclusory, state of mind may be alleged generally. **See FED.R.CIV.P.** 9(b).

6

prevailing law to their own circumstances.

***Jones v. Hunt***, 410 F.3d 1221, 1229 (10th Cir. 2005) (citations and internal quotation marks omitted).[4]  The Tenth Circuit has long recognized that many types of intimate relationships are within the purview of the Fourteenth Amendment.  ***See Trujillo***, 768 F.2d at 1188-89 & n.5.  Given the breadth of these precedents, it does not take a legal scholar to discern that the marriage relationship is within the protected class.  Moreover, the standards governing interference with that right are well-established in this Circuit.  ***Id***. at 1190.  Taking plaintiff's allegations as true, as I must at this juncture, I cannot say that a reasonable official would not have known that firing an employee for refusing to renounce support for her husband under these circumstances was a violation of the Fourteenth Amendment.   Therefore, I conclude that plaintiff has stated a claim for violation of her constitutional right to familial association.  The motion to dismiss this claim as against Chilson in her individual capacity accordingly will be denied.[5]

Plaintiff also has asserted a claim under the First Amendment for violation of her right to expressive association by assisting another person in seeking legal redress. ***See NAACP v. Button***, 371 U.S. 415, 429, 83 S.Ct. 328, 336, 9 L.Ed.2d 405 (1963).

---

[4]  Defendants actually expand the argument farther, arguing that plaintiff's rights in the employment context could not have been clearly established because of the highly fact-specific inquiry involved in balancing plaintiff's constitutional rights against the government's legitimate interests as an employer.  Taken to its logical extreme, this argument would mean that government employers could *never* be held individually liable for their employment decisions, even where they were specifically intended to harm an employee's familial relationships.  I cannot accept that proposition as a matter of law. In addition, substantively it is defendants' burden to assert and establish the legitimate interests underlying the decision to terminate plaintiff, but those matters are neither set forth in the present motion nor appropriate for resolution at this early juncture in any event.  ***See Owens v. Rush***, 654 F.2d 1370, 1380 & n.13 (10th Cir. 1981).

[5]  Because this federal claim survives the motion to dismiss, defendants' motion to dismiss plaintiff's state law claim for lack of supplemental jurisdiction also must be denied.

The Tenth Circuit has "construed **Button** as protecting activities involving the assistance of litigation vindicating civil rights." **Copp v. Unified School Dist. No. 501**, 882 F.2d 1547, 1550 (10th Cir. 1989) (citing **Owens v. Rush**, 654 F.2d 1370, 1379 (10th Cir. 1981)). It has not expanded the scope of this branch of First Amendment jurisprudence beyond that narrow category of claims. See **Hinsdale v. City of Liberal, Kansas**, 19 Fed. Appx. 749, 764 (10th Cir. Aug. 28, 2001) (reaffirming limitations on First Amendment right protected by **Button**; holding that employee's lawsuit claiming retaliation under Fair Labor Standards Act did not qualify).

The criminal charges filed against plaintiff's husband clearly do not constitute litigation seeking to vindicate civil rights. Moreover, the Amended Complaint does not even make the bare allegation that plaintiff, in fact, assisted her husband in the litigation, much less provide any particular facts regarding such assistance.[6] Therefore, plaintiff has failed to state a claim on which relief may be granted for violation of her First Amendment right to expressive association. Thus, defendants' motion as to this claim will be granted. See **Siegert v. Gilley**, 500 U.S. 226, 232, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991) ("A necessary concomitant to the determination of whether a constitutional right asserted by a plaintiff is 'clearly established' . . . is the determination of whether the plaintiff has asserted a violation of a constitutional right at all.").

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendants' Motion To Dismiss Plaintiff's Amended**

---

[6] To the extent it may be inferred from the fact of the marital relationship itself that plaintiff could have been expected to provide her husband with moral and emotional support during the trial of the criminal charges against him, that type of "assistance," while invaluable, does not come within the protections of the First Amendment.

**Complaint** [#31], filed May 19, 2008, is **GRANTED IN PART** and **DENIED IN PART**;

2. That the motion is **GRANTED** as follows, and the following claims are **DISMISSED WITH PREJUDICE**:

a. Plaintiff's First and Second Claims for Relief against defendant Molly K. Chilson, in her official capacity as District Attorney within and for the Eleventh Judicial District of the State of Colorado;

b. Plaintiff's Third Claim for Relief against the Office of the District Attorney, 11th Judicial District, State of Colorado;

c. Plaintiff's Second Claim for Relief against defendant Molly K. Chilson individually; and

3. That in all other respects, the motion is **DENIED**.

Dated October 1, 2008, at Denver, Colorado.

                                        **BY THE COURT:**

                                        **s/ Robert E. Blackburn**
                                        **Robert E. Blackburn**
                                        **United States District Judge**